INTERNATIONAL HARVESTER CREDIT CORPORATION et al., Appellants, *v.* ALLEN J. GOODRICH et al., Constituting the State Tax Commission of the State of New York, Respondents.

Argued November 19, 1954; decided December 31, 1954.

*John T. De Graff, Ralph D. Semerad* and *John J. Kelly , Jr.,* for appellants.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* and *Wendell P. Brown* of counsel), for respondents.

Judgment affirmed.

Concur: Lewis, Ch. J., Conway, Desmond, Dye, Fuld and Froessel, JJ. Van Voorhis, J., dissents in the following opinion.

Van Voorhis, J. (dissenting). As conditional vendors of commercial motor vehicles, appellants' property in these vehicles has been destroyed through subordination to accumulated highway use taxes (Tax Law, art. 21) accruing with reference to other vehicles owned and operated by the conditional vendee, in many instances prior to delivery to the vendee of appellants' automotive equipment. Appellants could not have ascertained the tax liabilities of the vendee prior to sale, even if the books of the State Tax Commission had been open to them, inasmuch as the vendee had filed incorrect tax returns. A similar situation existed during the periods of time while appellants' motor vehicles were in the possession of the conditional vendee. Highway use taxes accruing with respect to the vehicles sold by appellants can be given priority over appellants' property interests in those vehicles, but it seems to me to constitute deprivation of property without due process of law and denial of the equal protection of the laws, to subject the recognized property interest of a conditional vendor to taxes which have accrued against the conditional vendee without reference to these vehicles, and in substantial part, before they were delivered to the conditional vendee or even manufactured. In voting to modify the judgment appealed from in these respects, I do not imply that some of the objects of this part of article 21 of the Tax Law could not be realized by legislation giving effect to legitimate property rights of conditional vendors under such circumstances.

Judgment affirmed.